BREEAN L. BEGGS, WSBA # 20795
PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Ste. 560
Spokane, WA 99201
(509) 232-7760

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHANIEL WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SEATTLE; STEPHEN SMITH, JR.; ALBERT ELLIOT; CLAYTON AGATE; and DOES 1 – 5,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL REQUESTED |

Comes now Plaintiff Nathaniel Washington, by and though his attorney Breean Beggs of Troppmann & Paukert, PLLC and complains and alleges as follows:

### **IDENTIFICATION OF THE PARTIES**

1. Plaintiff Nathaniel Washington at all times material to this action resided in King County, Washington.

COMPLAINT FOR DAMAGES • Page 1

2. Defendant City of Seattle, is now, and at all times herein mentioned, was a municipal corporation, duly organized and existing under the laws of the State of Washington with the right to sue and be sued in its own name and for the acts and omissions of its agents and employees. The City may be held independently or vicariously liable for the tortious conduct of its officers and employees, and for its policies and practices that violate federal law. Defendant City of Seattle is responsible for the Seattle Police Department (SPD) and all of its officers.

3. At all times material hereto, Defendant Stephen Smith, Jr. was an agent and employee of the City of Seattle, who, at the time of the events complained of herein, was acting within the course and scope of his employment by the City and under the color of state law. Defendant Smith is named in his individual and representative capacity.

4. At all times material hereto, Defendant Albert Elliot was an agent and employee of the City of Seattle, who, at the time of the events complained of herein, was acting within the course and scope of his employment by the City and under the color of state law. Defendant Elliot is named in his individual and representative capacity.

5. At all times material hereto, Defendant Clayton Agate was an agent and employee of the City of Seattle, who, at the time of the events complained of herein, was acting within the course and scope of his employment by the City and under the color of state law. Defendant Agate is named in his individual and representative capacity.

6. Defendants Does 1 through 5, at all times material to this litigation, were commissioned or deputized City employees acting under color of state law and in the employ and under the supervision of Defendant City of Seattle. Plaintiff prays leave to amend this pleading, to set forth the names and capacities of named Defendants 1-5, whose true names are unknown, are persons or entities that may be responsible for the injuries suffered by the Plaintiff.

## JURISDICTION AND VENUE

7. All acts complained of occurred in the Western District of Washington State.

8. Venue is proper in the United States District Court for the Western District of Washington.

9. Jurisdiction is proper in the United States District Court pursuant to, but not limited to, Title 42, United States Code §§ 1983 & 1988; Title 28 USC §1331; 28 USC §1343(a)(3); 28 USC §1367.

10. This court has personal and subject matter jurisdiction.

## NOTICE OF CLAIM

11. On June 28, 2013 Plaintiff properly presented a notice of claim for damages to the City of Seattle pursuant to RCW 4.96 *et seq*.

12. More that 60 days have elapsed since Plaintiff presented the claim for damages to the City of Seattle. The City of Seattle has not responded to the claim.

## BACKGROUND FACTS

13. On July 4, 2011, at approximately two (2:00) a.m., on the sidewalk/street near the Club Habana Sodo at or near 2942 1st Ave S in the City of Seattle, a hotdog vendor named Dion Johnson assaulted and, on information and belief, stabbed Plaintiff's brother, Ricky Washington.

14. Plaintiff intervened to protect his brother, and in an effort to protect himself from the knife-wielding vendor, Plaintiff punched Dion Johnson.

15. Plaintiff thereafter proceeded to prepare to get onto his motorcycle to leave the area.

16. While Plaintiff was preparing to remove himself from the area, and prior to getting onto his motorcycle, City of Seattle police officers, including Defendants Smith and Agate, thereafter took Plaintiff to the ground and used excessive force via use of blunt force trauma to detain him while he was not posing as a risk of bodily injury, was not resisting the officers, and while he was complying with their commands.

17. While Defendants Smith and Agate had Plaintiff on the ground, Defendant Elliot and/or other officers used excessive force on Plaintiff by shooting him with a Taser and otherwise using excessive force by inflicting blunt force trauma on Plaintiff while he was on the ground and not resisting detention by the officers.

18. Plaintiff was thereafter transported to Harborview Medical Center with injuries inflicted by Defendants.

19. Any and all criminal charges filed against Plaintiff regarding the aforementioned incident were dismissed.

20. At all times material to this action, the Seattle Police Department (SPD) was engaged in a pattern and/or practice of using unnecessary and/or excessive force, in violation of the Fourth Amendment to the United States Constitution. On March 31, 2011, the United States Department of

Justice (DOJ) opened an investigation of the Seattle Police Department (SPD) pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the Omnibus Crime Control and Safe Streets Act of 1968 and Title VI of the Civil Rights Act of 1964. Following the DOJ's investigation, on December 16, 2011, the DOJ found that SPD was engaged in a pattern or practice of excessive force that violates the Constitution and federal law.

## CAUSES OF ACTION

A. <u>VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION FOR EXCESSIVE FORCE (42 USC § 1983)</u>

21. Defendants Smith, Agate, and Elliot's actions violated Plaintiff's constitutionally protected right to be free from excessive force under the Fourth and Fourteenth Amendments to the United States Constitution.

22. As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

B. <u>MUNICIPAL LIABILITY UNDER 42 USC § 1983</u>

23. At all times material to this action, the Seattle Police Department (SPD) was engaged in a pattern and/or practice of using unnecessary and/or

excessive force, in violation of the Fourth Amendment to the United States Constitution. Deficiencies in the SPD's training, policies, and oversight with regard to the use of force contributed to the constitutional violations regarding the pattern and/or practice of using excessive force. At all times material to this action, SPD officers lacked adequate training and/or policies on when and how to force consistent with the Fourth Amendment. Moreover, at all times material to this action, SPD supervisors failed to meet their responsibility to provide oversight of the use of force by individual officers. Moreover, at all times material to this action, command staff at the SPD did not adequately provide supervisors with clear direction or expectations of how to supervise the use of force. *See* Investigation of the Seattle Police Department. United States Department of Justice, Civil Rights Division. Dec. 16, 2011. www.justice.gov/crt/about/spl/seattlepd.php.

24. The conduct of Defendants Smith, Agate, and Elliot conformed to policy, custom, or practice of Defendant City of Seattle and violated Plaintiff's constitutional rights under the United States Constitution, including but not limited to the Fourth and Fourteenth Amendments.
COMPLAINT FOR DAMAGES • Page 7
PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
(509) 232-7760

25. The SPD and the City of Seattle were deliberately indifferent to the needs of the community (including Plaintiff) to be free from excessive force by SPD officers (including Defendants Smith, Agate, and Elliot) and violated Plaintiff's constitutional rights under the United States Constitution, including the Fourth and Fourteenth Amendments.

26. As a result of this conduct, Defendants, and each of them, caused injuries and damages to Plaintiff, as discussed more fully below.

C. <u>ASSAULT & BATTERY</u>

27. Upon belief, Defendants Smith, Agate, Elliot, and John Does 1-5 threatened to and did use unlawful force against Plaintiff.

28. The acts of said Defendants were made with intent to cause harmful or offensive contact or an apprehension by Plaintiff of such contact.

29. Defendants Smith, Agate, and Elliot's conduct toward Plaintiff constitutes assault and battery.

30. As a direct and proximate result of said Defendants conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

D. <u>TORTIOUS CONDUCT</u>

31. At all times material hereto, Plaintiff was owed duties of care by Defendants, and each of them, including, but not by way of limitation, those duties include one or more of the following:

   a. The duty to be free from excessive restraint, detention and force without legal authority; and/or,

   b. The duty of City of Seattle, agents and employees to act and exercise the degree of care as others would act and exercise in the same or similar circumstances.

32. Defendants' conduct constitutes tortious conduct, gross negligence and/or negligence under the laws of the State of Washington.

33. Upon belief, Defendants Smith, Agate, Elliot, and John Does 1-5's tortious conduct was committed under color of law and within the course and scope of their employment with Defendant City of Seattle. Defendant City of Seattle is vicariously liable for the tortious conduct of its police officers, including Defendants Smith, Agate, Elliot, and John Does 1-5, under the doctrine of respondent superior.

34. On belief, Defendant City of Seattle negligently trained, retained, and supervised Defendants Smith, Agate, Elliot, and John Does 1-5.

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
(509) 232-7760

35. As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

## INJURIES RECEIVED

36. As a direct and proximate result of the facts as alleged herein, Plaintiff sustained personal injuries, including but not limited to the loss of consciousness, head and facial injuries, torso and back injuries, injuries caused by Taser impacts, shoulder injuries, and other injuries to the mind and body.

37. As a further direct and proximate result of the facts as alleged herein, Plaintiff has suffered and will in the future continue to suffer the loss of enjoyment of life, pain, mental anguish, mental injury and suffering.

38. As a further direct and proximate result of the facts as alleged herein, Plaintiff has suffered and will in the future continue to suffer the loss of income.

39. As a further direct and proximate result of the facts as alleged herein, Plaintiff is entitled to damages in an amount to be proven at the time of trial.

## EXPENSES INCURRED

40. As a direct and proximate result of the facts as alleged herein, Plaintiff has incurred, and may incur in the future, medical expenses and other

out-of-pocket expenses associated with these injuries, the amount of which to be proven at the time of trial.

## PRAYER FOR RELIEF

Plaintiff, Nathaniel Washington, requests a judgment against Defendants, and each of them, jointly and severally, as follows:

A. General damages in an amount to be determine at trial.

B. Special damages in an amount to be determined at trial.

C. Punitive and exemplary damages in an amount deemed just and reasonable as provided by law.

D. Plaintiff's reasonable attorney fees and costs, pursuant to 42 USC §1988, or as otherwise provided by law.

E. For such other and further relief as the court deems just and equitable.

F. Plaintiff requests that a jury hear this matter.

DATED this 29th day of August, 2013.

PAUKERT & TROPPMANN, PLLC

_____
BREEAN L. BEGGS, WSBA #20795

COMPLAINT FOR DAMAGES • Page 11

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
(509) 232-7760