HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHANIEL WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE; STEPHEN SMITH, JR; ALBERT ELLIOT; CLAYTON AGATE; and DOES 1-5,<br><br>Defendants. | CASE NO. C13-01556 RAJ<br><br>ORDER |

## I. INTRODUCTION

This is a civil rights action in which plaintiff, Nathanial Washington alleges that Seattle police officers used excessive force in effecting his arrest. Defendants have asked the court to bifurcate the trial into two phases – first, a determination of whether plaintiff was subjected to excessive force and second, if excessive force is found, whether that force was a result of an unconstitutional policy or practice of the city. In support of their motion, defendants argue that bifurcation will conserve judicial resources, simplify the

issues for the jury, and minimize potential prejudice to the individual defendants. The court agrees. For the reasons stated below, the motion is GRANTED. Dkt. # 74.

## II. BACKGROUND

The facts of this case have been summarized in previous orders. *See* Dkt. # 70. Plaintiff's amended complaint alleges three claims: (1) municipal liability under *Monell v. New York City Department of Public Services*, 436 U.S. 658 (1978), (2) excessive force under 42 U.S.C. § 1983, and (3) assault and battery under Washington State law.

Earlier in the proceedings, both parties filed motions for partial summary judgment. Dkt. ## 35, 38. Plaintiff moved for summary judgment on his excessive force claim, while defendants moved to dismiss plaintiff's *Monell* claim. *See* Dkt. ## 35, 38. On September 9, 2015, the court denied both motions. *See* Dkt. # 70.

Plaintiff opposed summary judgment on the *Monell* claim by arguing that the city's police department had a longstanding practice or custom of using unnecessary or excessive force. In support of that argument, plaintiff cited to the Department of Justice's ("DOJ") investigation of the Seattle Police Department ("SPD") and the DOJ's subsequent findings.[1] *Id.*, p. 9. That report acknowledged that the "SPD engages in a pattern or practice of using unnecessary or excessive force, in violation of the Fourth Amendment to the United States Constitution and Section 14141." DOJ Report, p. 3. The report also explained that the DOJ based its conclusion on numerous factual findings, including:

Findings

> When SPD officers use force, they do so in an unconstitutional manner nearly 20% of the time. This finding (as well as the factual findings identified below) is not based

---

[1] The report is publicly available at: http://www.justice.gov/sites/default/files/crt/legacy/2011/12/16/spd_findletter_12-16-11.pdf.

> on citizen reports or complaints. Rather, it is based on a review of a randomized, stratified, and statistically valid sample of SPD's own internal use of force reports completed by officers and supervisors.
>
> SPD officers escalate situations and use unnecessary or excessive force when arresting individuals for minor offenses.
>
> Multiple SPD officers at a time use unnecessary or excessive force together against a single subject. Of the excessive force incidents we identified, 61% of the cases involved more than one officer.

*Id.*, p. 4.[2]

The court ultimately held that, based on the facts of this case, plaintiff had proffered sufficient evidence demonstrating a causal connection between the policies/practices identified in the DOJ report and the purportedly excessive force used against him. Dkt. #70, at pp. 7-12. Accordingly, the court found that there was a genuine issue for trial and refused to dismiss the *Monell* claim on summary judgment. *Id.*

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) grants courts the authority to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Courts may order separate trials to achieve "convenience, to avoid prejudice, or to expedite and economize" the proceedings. *Id.* Decisions regarding bifurcation are left to the trial court's sound discretion. *Hirst v. Gertzen*, 676 F.2d 1252 1261 (9th Cir. 1982).

### IV. ANALYSIS

#### a. Judicial Resources and Simplification of the Issues

Defendants argue that bifurcation will serve judicial economy because determining whether the officers used excessive force in the first phase of the trial will

---

[2] The DOJ investigators reviewed use of force reports covering the period between January 1, 2009 and April 4, 2011. *Id.*, p. 4.

either prove or dispose of a necessary element of plaintiff's *Monell* claim against the city. The court agrees.

Under *Monell*, the existence of a constitutional violation is a predicate to the city's liability. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."). Here, plaintiff alleges that the officers violated his constitutional rights by using excessive force in effecting his arrest. Thus, a finding of excessive force is necessary to a finding of *Monell* liability. Accordingly, resolving the excessive force question in the first phase of the trial will conserve judicial resources because it may dispose of the need for a second phase of trial. *See Atencio v. Arpaio*, 2013 WL 5327382, at *3-*4 (D. Ariz. Sept. 24, 2013) ("Here, all of Plaintiffs' claims are <u>contingent</u> on the use of excessive force…[t]herefore, bifurcation of trial serves the purpose of judicial economy, because if the individual defendants prevail, the time and expense involved in litigating the *Monell* claims will be saved.") (emphasis added).

### b. Prejudice

Defendants also argue that the individual officers will be prejudiced by the introduction of evidence relating to the *Monell* claim against the city. The court agrees. The DOJ report is the primary, if not sole, evidence plaintiff relies on to show that the City had a policy or custom of violating constitutional rights. The data in that report relates to several other use of force cases and relies upon interviews with individuals who likely have no connection to this case. Here, the jury must determine whether the individual officers in *this* case used excessive force based upon the facts and circumstances of *this* case. Bifurcation will avoid the risk that the jury will review the

DOJ report and leap to the conclusion that the individual officers in this case acted in accordance with the findings in that report.[3]

Indeed, a number of other courts have chosen to bifurcate *Monell* claims based on concerns about such prejudice. *See, e.g.*, *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996) (affirming the district court's decision and noting that "bifurcation allowed the court to separate the questions of the three officers' actions from the questions regarding the Chief and the city's liability under *Monell*."); *Atencio*, 2013 WL 5327382, at *5 (ruling that bifurcation is necessary in excessive force case to eliminate prejudice to individual defendants); *Green v. Cty. of Los Angeles*, 2014 WL 174988, at *2 (C.D. Cal. Jan. 16, 2014) (finding bifurcation appropriate "in light of the potential for undue prejudice"); *Boyd v. City & Cty. of San Francisco*, 2006 WL 680556, at *2 (N.D. Cal. Mar. 14, 2006) (bifurcating in excessive force case based, in part, on prejudice to individual defendants); *Hwang v. City & Cty. of San Francisco*, 2008 WL 4447708, at *2 (N.D. Cal. Sept. 30, 2008) (holding that bifurcation was warranted where the vast majority of the evidence admissible against the City on the municipal liability claim was not also admissible against the individual officers on the excessive force claim, and admission of the evidence would, as such, likely be unduly prejudicial).

### c. Pretrial Hearing Regarding Admissibility of the DOJ Report

The pretrial conference in this matter will take place on April 11, 2016 at 2:00p.m. The court has set aside the entire afternoon for this conference. The court will hear argument regarding the admissibility of the DOJ report at that time.

---

[3] To the extent plaintiff argues that the report should be admitted as evidence of habit under Rule 406, the court finds that argument to be entirely without merit. *See, e.g.*, *U.S. v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011) (finding that a habit is reflexive if "it involves a person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time."); *Babcock v. Gen. Motors Corp.*, 299 F.3d 60, 66 (1st Cir. 2002) (finding evidence that an individual "always wore his seatbelt regardless of whether he was the driver or a passenger and regardless of the length of the trip" shows reflexive conduct).

## V. CONCLUSION

For the foregoing reasons, defendant's motion to bifurcate (Dkt. # 74) is GRANTED. The trial will be bifurcated into two phases: a first phase will be devoted to determining plaintiffs' excessive force and state law claims, and a second phase will be devoted to plaintiff's *Monell* claim. Both phases will be tried before the same jury. Additionally, the parties will appear for a pretrial conference on April 11, 2016 at 2:00 p.m. The parties should be prepared to discuss all pretrial matters, including the admissibility of the DOJ report under Federal Rule of Evidence 803(8) and proposed jury instructions regarding bifurcation.

Dated this 10th day of March, 2016.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court

ORDER- 6